AO 243 (Rev. 5/85}

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| # United States District Court | District EASTERN DISTRICT OF MICHIGAN | |
|---|---|---|
| Name of Movant CONTRELL SMITH | Prisoner No. 32181-039 | Case No. 04-80857 |
| Place of Confinement PEKIN, ILLINOIS FEDERAL CORRECTIONAL FACILITY | | |

| UNITED STATES OF AMERICA | V. | CONTRELL SMITH |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

    UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

2. Date of judgment of conviction  APRIL 27, 2006

3 Length of sentence 360 MONTHS

4. Nature of offense involved (all counts) _____

    CT.2 CONTINUING CRIMINAL ENTERPRISE, 360 MONTHS; CT.4 POSSESSION WITH INTENT TO
    ~~DISTRIBUTE COCAINE, 360 MONTHS; CT.6 POSSESSION WITH INTENT TO DISTRIBUTE COCAINE~~
    BASE, 360 MONTHS; CT.5 POSSESSION WITH INTENT TO DISTRIBUTE COCAINE; CT. 7 POSSESSION
    ~~WITH INTENT TO DISTRIBUTE COCAINE, CT. 27, 30,31-32 UNLAWFUL USE OF COMMUNICATION~~
    FACILITY 48 MONTHS ALL TIME IS CONCURRENT.

5. What was your plea? (Check one)
    (a) Not guilty         ☒
    (b) Guilty             ☐
    (c) Nolo contendere    ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    _____

    _____

    _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury         ☒
    (b) Judge only   ☐

7. Did you testify at the trial?
    Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
    Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court    UNITED STATE COURT OF APPEALS FOR SIXTH CIRCUIT

   (b) Result    CONVICTION AFFIRMED

   (c) Date of result    AUGUST 7, 2007

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes", give the following information:

   (a) (1) Name of court    UNITED STATE COURT OF APPEALS FOR THE SIXTH CIRCUIT

      (2) Nature of proceeding    PETITION FOR REHEARING AND REHEARING EN BANC

      (3) Grounds raised    INSUFFICIENT EVIDENCE TO SUPPORT CONTINUING CRIMINAL ENTERPRISE.
INSUFFICIENT EVIDENCE TO SUPPORT ONE OF HIS CONVICTIONS FOR
POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE.
COURT ERRED IN JURY INSTRUCTION REGARDING CONTINUING CRIMINAL
ENTERPRISE.
THE STATUTE REGARDING CONTINUING CRIMINAL ENTERPRISE IS TOO VAGUE.
PROSECUTORIAL MISCONDUCT AT TRIAL

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

      (5) Result    PETITION WAS DENIED

      (6) Date of result    DECEMBER 21, 2007

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court    UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

      (2) Nature of proceeding    BRIEF

      (3) Grounds raised    INSUFFICIENT EVIDENCE TO SUPPORT CONTINUING CRIMINAL ENTERPRISE.
INSUFFICIENT EVIDENCE TO SUPPORT ONE OF HIS CONVICTIONS FOR
POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE.
COURT ERRED IN JURY INSTRUCTION REGARDING CONTINUING CRIMINAL
ENTERPRISE.
THE STATUTE REGARDING CONTINUING CRIMINAL ENTERPRISE IS TOO VAGUE.
PROSECUTORIAL MISCONDUCT AT TRIAL

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☒

(5) Result  CONVICTION AND SENTENCE WAS CONFIRMED

(6) Date of result  MARCH 21, 2007

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.     Yes ☐ No ☐

(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Only received new information.  Please see Defendant's Exhibit "A" which is

the Affidavit of Herman Burch showing that the testimony of Kelly Dawe was

Perjured.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Defendant was sentenced under old guidelines for cocaine and cocaine base.

Supporting FACTS (state *briefly* without citing cases or law)
He was sentenced under the old guidelines for crack and cocaine.   The Guidelines have changed so that they are retroactive.  He is presently over the present guideline range.  Seems all of his counts were calculated for the Conspiracy then, he received an additional sentence for an amount already counted.

B. Ground two: The court is not bound by the Guidelines according to Booker and 3553

Supporting FACTS (state *briefly* without citing cases or law):
Statute and case law supports that the court may revisit and revise Mr. Smith's sentence.
More especially since the court did not issue a statement of reasons as required under 3553(c).

C. Ground three: The court has the discretion to go below the guidelines.

Supporting FACTS (state *briefly* without citing cases or law):
The court has the discretion to go below the guidelines.

AO 243 (Rev. 5/S5)

D. Ground four:    There is no presumption of reasonableness in the Guidelines sentence.

Supporting FACTS (state *briefly* without citing cases or law):

There is no presumption of reasonableness in the Guidelines sentence.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:    ineffective assistance from former counsel.

Ineffective assistance of counsel. Defense made several blunders, worse was his suggestion that Mr. Smith should do 30 years. He did not challenge Evidence that was produced for prejudicial effect only, allowed phone records into evidence re Contrell the co-defendant, did not explain or show the actual records that the prosecution did not produce that showed his earnings from work and self employment.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing    ROBERT J DUNN

(b) At arraignment and plea

(c) At trial    PATRICK CLEARY

(d) At sentencing    PATRICK CLEARY

AO 243 (Rev. 5/85)

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*December 3, 2008*
(date)

_____
Signature of Movant

(7)

# TABLE OF AUTHORITIES

## CASES

*Booker* , 125 S. Ct. at 788........................................................................................14

*Fernandez*, 443 F.3d at27 ......................................................................................20

*Meryweather*, 431 F.3d 962 (9th Cir.2005) ..........................................................15

*Mickleson*, 433 F.3d at 1055, 2006 WL 27687 .....................................................15

U.S. v. Booker, 125 S.Ct. 738 (2005)................................................................7, 10

*U.S. v. McBride*, 434 F3d 470, 476 (6th Cir. 2006) ...............................................15

*U.S. v. Ranum*, 353 F.Suppl.2d 984, 987 E.D.Wis.,(2005)....................................14

*U.S. v. Williams*, 162 FedAppx. 884, 2006 WL 68559 (11th Cir. Jan 13, 2006) ...........14

*United States v Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005)................................15

*United States v Daas*, 198 F3d 1167 (CA9, 1999) .................................................10

*United States v Meza*, 127 F3d 545 (CA7, 1997) ..................................................10

United States v Vaughn, 433 F3d 470, 476-477 (6th Cir, 2006)..............................15

*United States v. Brannon* , 7 F.3d 516, 520 (6th Cir. 1993 ....................................22

*United States v. Collington*, 461 F.3d 805, 808 (6th Cir, 2006) ...........................15

*Kimbrough v. United States*, 128 S. Ct.558 (2007) ...............................................20

*United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) ...............................18

United States v. Hawk Wing, 433 F.3d 622,631(8th Cir.2006) ..............................15

*United States v. Kane*,452 F.3d 140 (2d Cir. 2006) (per curiam)...........................20

*United States v. Regalado*, ___ F.3d ___, 2008 WL 577158, *4 (2d Cir. Mar. 4, 2008) (per curiam)......................................................................................................19

*United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005), *cert. denied*, 126 S. Ct. 1665 (2006) ....................................................................................................16

*United States v. Ward* , 68 F.3d 146, 149 (6th Cir. 1995), *cert. denied* , 116 S. Ct. 1028 (1996). 22

*Vaughan*, 430 F.3d at 527 ......................................................................................18

*Vaughn*, 430 F.3d at 526 ........................................................................................18

*U.S. v. Watts*, 519 U.S. at 154-55 .................................................................................19

*Watts*, 519 U.S. at 154-55 .............................................................................................18

*Watts*, 519 U.S. at 154-57 .............................................................................................18

## STATUTES

18 U.S.C 3553 ........................................................................................................8, 15

18 U.S.C. § 3661 .............................................................................................................19

18 U.S.C. §3582(c)(2) .....................................................................................................10

18 U.S.C. 3553(a)(2) .......................................................................................................17

21 U.S.C. § 841(a)(1) ........................................................................................................6

21 U.S.C. § 843(b) .............................................................................................................6

28 U.S.C. § 994(o) ...........................................................................................................10

28 U.S.C. §994(o) ............................................................................................................10

U.S.S.G.§ 2D1.1 ..............................................................................................................21

*United States v Rita*, ___ US___ (docket No. 06-5754, 2007) ....................................18

USSG § 2D1.1 ..................................................................................................................22

## RULES

Federal Rules of Evidence, <u>Rule 403</u>.............................................................................9

## TRANSCRIPTS

*Sentencing Hearing*, 4/27/06 P13, ln 20-25 .................................................................21

Sentencing Hearing, 4/27/2006, P 17, ln 5-14 ...............................................................18

*Sentencing Hearing*, 4/27/2006, Page 13, ln 14-25 .....................................................11

*Sentencing Hearing*, 4/27/2006, Page 16, ln 7-12 .......................................................12

*Sentencing Hearing*, 4/27/2006, Page 20-25; 1-4.........................................................12

Sentencing Hearing, 4/27/2006, Page 21, ln 18-23.........................................................11

## WEB PAGES

http://www.abanews.org/kencomm/amkspeech03.html................................................................17

# CONTENTS

TABLE OF AUTHORITIES ...................................................................................................1

    Cases...................................................................................**Error! Bookmark not defined.**

    Statutes ..............................................................................**Error! Bookmark not defined.**

    Rules...................................................................................**Error! Bookmark not defined.**

    Transcripts ........................................................................**Error! Bookmark not defined.**

    Web Pages..........................................................................**Error! Bookmark not defined.**

INTRODUCTION ................................................................................................................6

STATEMENT ......................................................................................................................7

ISSUES RAISED IN THIS MOTION .................................................................................8

    Whether under the new amendments to the Sentencing Guidelines, Mr. Smith is eligible to have his sentence corrected. ........................................................................................10

    Whether the Court is bound by the guidelines, regardless; in U.S. v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory................................................................................................................11

    18 U.S.C 3553 After booker.....................................................................................15

    united states v. rita.................................................................................................18

    Whether the jury's decision relates only to the conviction leaving the court the discretion to correct unresolved issues and carve an appropriate sentence in the premises ..............19

    MAY THE COURT RECONSIDER ITS SENTENCE IF IT IS MORE AWARE OF ITS DESCRETIONARY POWERS .......................................................................................20

    WHETHER THE NON-EXERCISE OF THE COURTS DESCRETION, ABUSE OF POWER GOVERNING LAW AND THE STANDARD OF REVIEW ......................................................21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION


UNITED STATES OF AMERICA,                    CRIM NO. 04-CR-80857

v.

D-1 CONTRELL SMITH, aka "Trel,"              HON. LAWRENCE P. ZATKOFF

_____


MOTION TO AMEND OR CORRECT SENTENCE UNDER AUTHORITY OF TITLE 28

U.S.C. § 2255

May it please the Court.  Now comes Defendant, Contrell Smith, by and through his

attorney, Robert E. Harris, Jr., who respectfully submits this Memorandum of Law in

support of the attached motion to vacate, set aside or in the least correct Smith's sentence.


28 U.S.C. § 2255:

> "*A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the ground that
> the sentence was imposed...was in excess of the maximum authorized
> by law...or is otherwise subject to collateral attack, may move the
> court which imposed the sentence to vacate, set aside or correct the
> sentence.*"

# INTRODUCTION

On April 27, 2006, the Honorable Lawrence P. Zatkoff sentenced the Defendant, Contrell Smith.  The Defendant was found guilty of the following:

Count 2: 21 U.S.C. §848, Continuing Criminal Enterprise, a Class A Felony, 20 years to life imprisonment, $2,000,000.00 maximum fine, $100.00 special assessment.

Count 4: 21 U.S.C. § 841(a)(1), Possession with Intent to distribute a Controlled Substance (176.2 grams of Cocaine Base), a Class A Felony, 10 years to life imprisonment, $4,000,000.00 maximum fine, at least five years supervised release, $100.00 special assessment.

Count 5: Possession With Intent to Distribute a Controlled Substance (13.1 grams of Cocaine), a Class C Felony, 20 years, $1,000,000.00 maximum fine, at least three years supervised release, $100.00 special assessment.

Count 6: 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute a Controlled Substance (59.8 grams of Cocaine Base), a Class A Felony, 10 years to life imprisonment, $4,000,000.00 maximum fine, at least five years supervised release, $100.00 special assessment.

Count 7: Possession With Intent to Distribute a Controlled Substance (99.9 grams of cocaine), a Class C Felony, 20 years, $1,000,000.00 maximum fine, at least three years supervised release, $100.00 special assessment. And,

Counts 27, 30-32; 21 U.S.C. § 843(b), Unlawful Use of a communication Facility, a class E Felony, four years, $250,000.00 maximum fine, $100.00 special assessment, on each count.

According to the Court, "[The Defendant's ]total offence level of 44, criminal category of two and the guidelines call for life imprisonment. *Sentencing Hearing*, 4/27/2006 P 21 3-5.

## STATEMENT

Defendant Smith was a victim of a host of questionable decisions by the prosecution that bordered on unethical conduct; however,  it was also the Smith's counsel's failure to object, question or mount any type of defense, done under the cloak of "trial strategy" that caused the defendant to not only be convicted unfairly but  to also  incur a sentence that was extraordinary as compared to his twelve co-defendants and incorrect when viewed under the new amendments to the sentencing guidelines.

## ISSUES RAISED IN THIS MOTION

1. Whether under the new amendments to the Sentencing Guidelines, Defendant, Mr. Smith, is eligible to have his sentence corrected.

2. Whether the Court is bound by the guidelines, regardless; in U.S. v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory.

3. Whether under 18 U.S.C 3553, After Booker whether Court may move below the Guidelines.

4. United States v. Rita, whether there is a presumption of reasonableness in Guideline Sentences.

5. Whether the jury's decision relates only to the conviction leaving the court the discretion to correct unresolved issues and carve an appropriate sentence in the premises.

6. Whether the Court may reconsider its sentence if it is more aware of its discretionary powers.

7. Whether the limited or non-exercise of the Court's discretion constitute an abuse of power; governing law and the Standard of Review.

8. Whether there was enough competent evidence on the record to support Defendant's conviction for cocaine base and cocaine.

9. Whether the Defendant was deprived of effective assistance of counsel during trial when his (sic) counsel failed to object or raise issues with the court.  When:

a. Counsel failed to object to the admission of evidence under Federal Rules of Evidence, <u>Rule 403</u> (gun evidence, telephone records, drugs of the other co-conspirators) which was clearly used to confuse and prejudice the jury.

b. Counsel failed to impeach the only co-defendant (Kelly Dawe) that testified against Defendant with critical contradictory statements and testimony available to counsel at trial.

c. Counsel negligently suggested to the Court that the Defendant should serve a thirty year sentence that the Court adopted.

## I.   WHETHER UNDER THE NEW AMENDMENTS TO THE SENTENCING GUIDELINES, MR. SMITH IS ELIGIBLE TO HAVE HIS SENTENCE CORRECTED.

In this case, the Defendant, Contrell Smith "[...] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).  [That] upon motion of the defendant, the director of the bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *See* 18 U.S.C. §3582(c)(2).  28 U.S.C. §994(o) requires the Commission to "periodically . . . review and revise . . .  the guidelines."  The Commission's policy statement on retroactivity is found at USSG § 1B1.10, and the amendments that the Commission intends to have retroactive effect are listed in § 1B1.10(c).

## II.  WHETHER THE COURT IS BOUND BY THE GUIDELINES, REGARDLESS; IN U.S. V. BOOKER, 125 S.CT. 738 (2005), THE SUPREME COURT HELD THAT THE SENTENCING GUIDELINES ARE ADVISORY ONLY, NOT MANDATORY.

Defendant maintains that a sentence less than the range in the calculated guidelines range are sufficient to meet the objectives of 18 U.S.C. 3553.  Defendant further submits that in order to avoid disparity in sentencing, which was the principal initial purpose of the advisory guidelines[1], the court should consider sentences imposed on his co-defendants.   (His brother pled and got 15 years and he has a record).  The exercise of his right to trial should have been properly weighed against the benefit of "admission of guilt," and savings of the court's time and expense.

It was mentioned, but not factored.  The result was as shown by his then attorney, Mr. Cleary, "I merely said to the government, to Mr. Pratt as the lawyer for the government, prove it.  And Mr. Pratt as we know from the jury verdict, did prove it.  But I suggest to your Honor that the difference in sentencing then between a man who pleads guilty and gets 15 years, who says, your Honor, I am a United States citizen.  I have a right to have the government prove the case against me, so prove it, and with no prior record, other than that traffic misdemeanor, a sentence of double or triple or life just is not –."  *Sentencing Hearing*, 4/27/2006, page 11 ln. 7 – 17.

---

[1] See, e.g., *United States v Daas*, 198 F3d 1167 (CA9, 1999); *United States v Meza*, 127 F3d 545 (CA7, 1997).

This was just months after Booker, so it is no surprise that the Honorable Court gave such deference to the Guidelines; when it said, "But how can I ignore the quantity of drugs that were introduced in this case when the case went to trial and how do you suggest that I deal with the guidelines?" *Sentencing Hearing*, 4/27/2006, Page 12 ln 3-6. The court went on to say, "Let the record reflect that I have had an opportunity to review this file. [...] first, I would like to acknowledge that I agree and am aware that the sentencing guidelines are advisory. *Id*. P 20 ln 18-19 et. seq. However, I am required by law to consider these guidelines. *Id*. P 21 ln 1-2. [...] And I guess that is kind of the key, what is just?' *Id*. P 22 ln 6-7.

The court acknowledged that, this Defendant had no prior felony record, a married father, and gainfully employed. *See*, Sentencing Hearing, 4/27/2006, Page 21, ln 18-23.

Regardless, this was a seven day trial; it was seven days of the Government putting on a show, impressing the jury with information about drugs and conspiracies; drug quantities; communications and helicopter surveillance. And although this is the "best" system in the world; it is flawed when pretense and procedure wins over substance. Defendant was not caught with any drugs on his person, he was probably the only defendant with a full – time legitimate job, there was no violence alleged, quoting Cleary, "I don't know what the final analysis truly is of the drug amounts. [...] How do we end up with this huge drug conspiracy with these huge amounts of drugs based on the dollar figures that they themselves were using, how do we have eight, ten, twelve guys that age (Defendant was aged 24) never show any money in two years?" *Sentencing Hearing*, 4/27/2006, Page 13, ln 14-25. In fact, the scheme was so sophisticated; the government obtained a conviction with almost no direct evidence against the Defendant. In fact, in the

government's First Superseding Indictment, was brought only when the government found the Defendant was serious about going to trial.

Underscoring the above, Mr. Pratt for the government states, "to summarize it, I think it was pretty clear from the trial that this was a very organized and sophisticated drug operation. [...] and it was also clear that the defendant was at the very top of that organization, even slightly above his brother who in a way was his partner." *Sentencing Hearing*, 4/27/2006, Page 16, ln 7-12. Yet, only the Defendant, who chose to go to trial, was charged and convicted with Continuing Criminal Enterprise. No one answers who ran the organization during the self employment of the Defendant or when he was gainfully employed at the plant.

On the one hand, the need for the court to exercise its discretion is further underscored by the following statements made by the government.

"I think that the organization was designed to insulate people at the very top like Contrell Smith (the Defendant) by having other people operate the customer service phone. And while the evidence piled up in court it looked like it was overwhelming, I think it was clear to the Court that had the government not put all of the resources that they did into this case with the wire tap, with the aerial surveillance, with the search warrants, this case would have been very difficult to get anywhere near being able to find and convict Contrell Smith."

*Sentencing Hearing*, 4/27/2006, Page 20-25; 1-4

The only evidence against this working family man was, as stated by Mr. Pratt for the government,

"I think the defendant; the testimony showed that the defendant was involved from an early point in time. There was testimony, I recall, from the Westland police officers that the defendant was stopped in September of 2002, had a wad of cash in his car and gave some kind, some kind of explanation for the cash in the car like he had no idea that it was there or what it was for."

*Id*. P 16, ln 13-19.

A chart was used to show hundreds of thousands of dollars of income that was never produced, *Id*. P 18 ln 1-5; empty plastic wrappers were given weight as though full to determine quantities of cocaine base.

On the other hand, in light of these facts, the question is whether a court has abused its discretion when it is not used or fully exercised.  This will be explored in more detail below.

### III.  18 U.S.C 3553 AFTER BOOKER WHETHER COURT MAY MOVE BELOW THE GUIDELINES

In *U.S. v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory.  Factors, other than the guidelines, in 18 U.S.C. § 3553(a) must also be considered in fashioning the appropriate sentence.  *Booker*, 125 S.Ct. at 790 (sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determinations).[2]

After Booker, it is more accurate to refer to "mitigating factors" instead of "downward departures."  See dissent of Justice Stevens in *Booker* , 125 S. Ct. at 788 ("there can be no departure from a mere suggestion").[3] Because the guidelines are not binding, "courts need not justify a sentence outside of them by citing factors that take the case outside the 'heartland.'"  *U.S. v. Ranum*, 353 F.Suppl.2d 984, 987 E.D.Wis.,(2005); *U.S. v. Williams*, 162 FedAppx. 884, 2006 WL 68559 (11th Cir. Jan 13, 2006) ("The district court's sentence [below the guidelines] does not have to be justified as a downward departure.  After Booker, the sentencing Guidelines are advisory, and the sentencing court, in its own discretion, can move below the advisory Guidelines range without a motion for downward departure as long as the resulting sentence is reasonable.")

_____

[2] These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training,

Now, because the Guidelines are no longer mandatory, District courts have a freer hand in fashioning a sentence even below the guidelines, and while before Booker a sentence outside the mandatory guideline range was permitted only on very limited grounds, there are now many more sentencing variables. *Id.*

Once the court calculates the appropriate guideline range factoring in any departure, "the district court throws this ingredient into the section 3553(a) mix," *Id.*, at 476, in order to determine whether a variance is appropriate. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir, 2006). This Court is not limited to simply calculating or confirming a Guideline range and then selecting a number within it, but rather must consider and give appropriate weight to all the factors identified by § 3553(a), and from there fashion and individualized sentence.[4]

---

medical care, or other correctional treatment in the most effective manner; (3)The kind of sentences available; (4) the advisory guideline range; (5) any pertinent policy statement issued by the Sentencing commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *Id. Booker*, 125 S.Ct. at 764; *U.S. v. Meryweather*, 431 F.3d 962 (9th Cir.2005). ("In the 'broader appraisal,' available to district courts after Booker, courts can now ... have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant.,")

[3] Since *United States v Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), a district court's sentencing decision is
controlled by the broad overall mandate of subsection 3553(a). However, "the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." *Id.*, at 764.
The circuits have disagreed whether in calculating the proper guideline range, the district court should factor in any departure. Compare United States v. Hawk Wing, 433 F.3d 622,631(8th Cir.2006) (holding that district courts must decide whether a "traditional departure" is appropriate after calculating the guideline an quotation marks omitted)) with United States v Vaughn, 433 F.3d 470, 476-477 (6th Cir, 2006).

Under 18 U.S.C. 3553(a)(2), a district Court's duty at sentencing is to impose a sentence which is sufficient, but not greater than necessary, to fulfill the purposes of 3553. United States v. Foreman, 436 F3d 638, 644, fn. 1 (CA6, 2006):

It is worth noting that a district court's job is not to impose a "reasonable" sentence. Rather, a district court's mandate is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).

18 U.S.C. 3553 means simply what it says: "sufficient but not greater than necessary" is the standard a District court must apply.  The advisory nature of the guidelines now allows Courts a freer hand in fashioning the sentence.[4]

This Court has held "that, after *Booker*, district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment." *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005), *cert. denied*, 126 S. Ct. 1665 (2006). Such findings occur, most typically, with respect to "relevant conduct" within the scope of U.S.S.G. § 1B1.3 of which the defendant has never been charged, much less convicted. In *Watts*, the Supreme Court simply held that this baseline proposition – that sentencing courts may make sentencing decisions by a preponderance of the evidence – applies even if the defendant has been tried and acquitted.

---

[4] Lewis "Scooter" Libby was tried and convicted of lying during a federal investigation into the leak of national security information during a time of war.  He was charged with obstruction and went to trial and was convicted.  He received a sentence within the guideline range, although there were clearly grounds for departure upward given the circumstances.  He appealed and asked for and was denied a stay of his prison sentence pending appeal.

The President recently commuted his prison sentence, and in doing so took positions at odds with previous Justice Department policies, perhaps indicating a sea of change in the government's approach to sentencing.  The President said that among the reasons the commutation was justified were the circumstances of the defendant, the fact that the Guidelines range was too harsh, that the defendant was

## IV.  UNITED STATES V. RITA, WHETHER THERE IS A PRESUMPTION OF REASONABLENESS IN GUIDELINE SENTENCES

In *United States v Rita*, ___ US___ (docket No. 06-5754, 2007), the Supreme Court resolved a split of authority in the Circuits regarding whether a sentence within the guidelines range is presumptively reasonable.  The Supreme Court held that, for purposes of appellate review only, a sentence within the Guidelines may (but need not) be presumed to be reasonable on appeal.  However, the Court said that such a presumption is not binding.  Although the Court was divided in some respects, the vote on the result was 8 -1, Justice Souter dissenting.

The following may be said of Rita, a district court may not legally presume that the guidelines sentence should be given (and may commit reversible error if guidelines are given presumptive force at initial sentencing. (slip op. at 12)

_____

suffering other consequences which constituted punishment, and because the Guidelines were determined in part on information never proven to a jury.  All those points are applicable to this case as well.

See, also, August 9, 2003, Speech of Justice Anthony Kennedy at the ABA Annual Meeting (available at http://www.abanews.org/kencomm/amkspeech03.html) ("Our resources are misspent, our punishments too severe; our sentences too long...the sentencing guidelines are responsible in part for the increased terms ....[and they] should be revised downward.")

[5] The Court made further observations regarding appellate considerations:
After Booker, a circuit court reviewing a within-guideline sentence may fairly "assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  Slip opinion, at 11).
Despite the "rough approximation" of the Guidelines, there must be some within guideline sentences that do not achieve § 3553(a)'s objectives, and circuit courts have to identify the times when district judges impose sentences which are unreasonable  (Slip opinion, at 14).
Apart from reasonableness concerns, defendants can bring and should sometimes prevail on "as –applied Sixth Amendment challenges" to within-guideline sentences.  (Slip opinion, at 14-15; Scalia concurrence at 8-9).  In addition, Defendants can bring, and should prevail on arguments that a "Guidelines sentence is not reasonable under §3553(a) because it expressly declines to consider various personal characteristics of the defendant." (Slip opinion, at 21)

## V.  WHETHER THE JURY'S DECISION RELATES ONLY TO THE CONVICTION LEAVING THE COURT THE DISCRETION TO CORRECT UNRESOLVED ISSUES AND CARVE AN APPROPRIATE SENTENCE IN THE PREMISES

There are a few reasons that underlie that rule. First, Congress has provided that there shall be no limitations on the information that a sentencing court may consider. *See,* 18 U.S.C. § 3661; *Watts*, 519 U.S. at 154-57. Second, there is no logical inconsistency between a judge finding that a fact has been proven by a preponderance of the evidence (for sentencing purposes), and a jury finding that a fact has not been so proven beyond a reasonable doubt (for guilt purposes). *See Watts*, 519 U.S. at 155-56; *Vaughan*, 430 F.3d at 527. Third, there is no double Jeopardy issue when a defendant's sentence on a count of conviction is influenced by evidence underlying an acquitted count.

It cuts both ways, when the district court considers relevant conduct, the defendant should be punished for the count of conviction (here, Continuing Criminal Enterprise, Drug possession for sale and or delivery etc.), in a way that accounts for the defendant's criminal history. *See U.S. v. Watts*, 519 U.S. at 154-55; *Vaughn*, 430 F.3d at 526 (confirming ongoing vitality of *Watts*). The upshot of *Watts* is that a district court has authority to make factual findings at sentencing independently of a jury. *See also, e.g., United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (stating that sentencing courts retain authority "to resolve disputed facts by a preponderance of the evidence when arriving at a Guidelines sentence").  In this case, Mr. Pratt for the government admits, "[that] while there were a lot of guns, there were not allegations of actual violence.  I think you have to consider the defendant […] the fact that he's educated, the fact that he's articulate, the fact that he had a good job during much of the time of this conspiracy, the fact that he has a supportive family; yes those things might in some sense be in his favor. […]" Sentencing Hearing, 4/27/2006, P 17, ln 5-14.

## VI.  MAY THE COURT RECONSIDER ITS SENTENCE IF IT IS MORE AWARE OF ITS DESCRETIONARY POWERS

This was just months after Booker, so it is no surprise that the Honorable Court gave such deference to the Guidelines; when it said, "But how can I ignore the quantity of drugs that were introduced in this case when the case went to trial and how do you suggest that I deal with the guidelines?" *Sentencing Hearing*, 4/27/2006, Page 12 ln 3-6.

Separately, in *Kimbrough v. United States,* 128 S. Ct.558 (2007) the Supreme Court held that "the cocaine Guidelines, like all other Guidelines, are advisory only," *id.* at 564, and that the sentencing court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in sentencing a crack offender.  *Id.* Pursuant to *Kimbrough*, and in light of this Circuit's earlier tendency to discourage deviation from the crack Guidelines, this Court has recently held that in cases where a defendant was sentenced based on the crack Guidelines, a remand may be appropriate to determine whether the district court would have imposed a lower sentence "had it been aware (or fully aware) of its discretion to deviate from the crack cocaine [Guidelines] ranges." *United States v. Regalado*, ___ F.3d ___, 2008 WL 577158, *4 (2d Cir. Mar. 4, 2008) (per curiam).

## VII.  WHETHER THE LIMITED OR NON-EXERCISE OF THE COURTS DESCRETION CONSTITUTE AN ABUSE OF POWER;  GOVERNING LAW AND THE STANDARD OF REVIEW

The law regarding review of sentences involving crack cocaine – including the recent amendments to U.S.S.G.§ 2D1.1, the Supreme Court's decision in *Kimbrough*, and this Court's decision in *Regalado*, is set forth *supra*.    As set forth more fully above, this Court reviews sentences for reasonableness, which equates to abuse-of discretion review. *See supra* at 59-61. While it is rare for a defendant to appeal a below-guidelines sentence for reasonableness, this Court has held that the standard of review in those situations is the same as for appeal of a within-guidelines sentence. *See United States v. Kane*,452 F.3d 140 (2d Cir. 2006) (per curiam). In *Kane*, the defendant challenged the reasonableness of a sentence six months below the guidelines range, and this Court stated that in order to determine whether the sentence was reasonable, it was required to consider "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *Id.* at 144-45 (quoting *Fernandez*, 443 F.3d at27).  The defendant must therefore do more than merely rehash the same arguments made below because the court of appeals cannot overturn the district court's sentence without a clear showing of unreasonableness. *Id.* at 145 ("[The defendant] merely renews the arguments he advanced below – his age, poor health, and history of good works – and asks us to substitute our judgment for that of the District Court, which, of course, we cannot do.").

## VIII  WHETHER THERE WAS ENOUGH COMPETENT EVIDENCE ON THE RECORD TO SUPPORT DEFENDANT'S CONVICTION FOR COCAINE BASE AND COCAINE.

The questions in the instant Smith case is whether there was enough evidence to trigger operation of USSG § 2D1.1; that provides that where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved. USSG § 2D1.1 comment. (n.12).

The other question is whether the court committed manifest error by allowing untrustworthy, inaccurate evidence without foundation, proper admittance procedure and that served no other purpose besides prejudicial value against Defendant.  For example, the guns were presented to the jury without foundation and for no other reason than to prejudice the outcome; Cornell Smith's telephone records were presented,  and the drugs sold and collected from the other co-defendants.

The price and quantities only supported the financial chart presented by prosecution's witness.  In fact, in question was $25,000.00 in savings, a Ford? automobile and an apartment where Smith paid rent and lived with his family.  Income records from Ford Motor Company where the Defendant was employed and his music business showed he had earnings of about $50,000.00.  By no stretch of the imagination could this modest living account for the drug earnings of twelve men over a two year span of time. *See*, *Sentencing Hearing*, 4/27/06 P13, ln 20-25.  Drugs were not obtained from the person of the Defendant and the amounts found in his home certainly were not indicative

of a person who could be convicted of Continuing Criminal Enterprise.  The Defendant
had expectations of a fair trial.

The District Court's calculation of the quantity of controlled substances for which
a defendant is to be held accountable is a finding of fact that the higher court reviews for
clear error. *United States v. Brannon* , 7 F.3d 516, 520 (6th Cir. 1993). A court may hold
a defendant responsible for an amount of drugs only if it finds that it is more likely than
not that the defendant actually was responsible for at least that amount. *United States v.
Ward* , 68 F.3d 146, 149 (6th Cir. 1995), *cert. denied* , 116 S. Ct. 1028 (1996). When no
controlled substances are seized, the quantity need not be ascertained with exact
certainty. *Brannon* , 7 F.3d at 520. However, that approximation must be supported by
competent evidence in the record. *Id.* The validity of the sentence in a case in which the
district court approximates an amount of drugs, therefore, depends on the basis of the
court's calculation. *Ward* , 68 F.3d at 149.

In the instant case, the competence of the evidence is in question, the court's
calculation is in question, at sentencing, Defendant's counsel asked the Court what were the
quantities that the court was using, and the Court failed to respond.


NEW INFORMATION

Defendant was not charged with gun charge.  Its presentation in court was
prejudicial and violated Rules of Evidence, Rule 403.

Affidavit of Herman Burch which shows again that Kelly Burch, the prosecutions
only witness committed perjury and her entire testimony should be stricken or a hearing on
the matter had.

WHEREFORE, Defendant prays that this Court will reconsider his sentencing, correct the same and grant the Defendant a sentence in concert with §3553(a).  Defendant already has lost the ability to raise his children, spend time with his wife, support his family, teach and train his family to be contributors to our society.