UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTRELL SMITH,

      Petitioner,                          CRIMINAL NO.    04-CR-80857
                                            CIVIL ACTION NO. 08-CV-15338
vs.                                      DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                            MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES OF
AMERICA,

      Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Contrell Smith's Amended Motion to Vacate, Set Aside, or Correct Sentence should be DENIED. The claims raised in the original motion are not cognizable under 28 U.S.C. § 2255. The new claims raised in the amended motion should also be denied. One claim is untimely and the other is not supported by any facts.

                                                \*   \*   \*

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on December 4, 2008, challenging the validity of his underlying federal convictions. Petitioner was convicted in April 2006, following a jury trial in the United States District Court for the Eastern District of Michigan. He was convicted of engaging in a continuing criminal enterprise and other drug related crimes. Petitioner was sentenced to 360 months imprisonment. The convictions were later affirmed by the Sixth Circuit Court of Appeals on August 7, 2007.

Petitioner filed a petition for En Banc hearing on August 24, 2007. Before that petition was ruled upon, he filed a petition for writ of certiorari with the Supreme Court of

the United States. The Supreme Court denied his petition for writ of certiorari on December 3, 2007. The Sixth Circuit then denied the petition for rehearing on December 21, 2007.

In the initial Motion to Vacate, Petitioner challenged the length of his sentence. He asserted that the sentencing guidelines had been improperly applied, and further maintained that there was insufficient evidence presented at trial supporting his drug convictions. He also alleged ineffective assistance of counsel based on failure of trial counsel to object to the admission of certain evidence, including "gun evidence, telephone records, [and] drugs of the other co-conspirators." (Docket #343 at p. 15).

Before the Respondent could file an answer to the Motion to Vacate, Petitioner filed a motion on November 5, 2009, to amend his § 2255 petition. He sought to add a new claim that the evidence offered at trial was derived from an illegal search and seizure, and that trial counsel should have raised an objection to the evidence prior to its introduction. Petitioner also claimed that counsel should have objected to the introduction of tape-recordings and transcripts of wiretaps because they allegedly were not accurate. Petitioner did not present any facts in support of his inaccurate transcript claim (Docket #351, pp. 32-38).

The Respondent filed an answer to the Motion to Vacate on December 30, 2009, arguing, inter alia, that the motion and amendment were both barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (Docket #355). In a supplemental answer, dated March 30, 2010, the government conceded that Petitioner's original motion to vacate was timely, but insisted that the new claims raised in the amended motion remained barred by the one year statute of limitations. Respondent asserted that the new claims did not relate back to claims found in the original

petition (Docket #363). In a reply dated May 17, 2010, Petitioner argued that the new claims in his amended petition should be considered by the court.

DISCUSSION AND ANALYSIS

Section 2255 provides that, in an action to vacate or correct the sentence, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ." I am persuaded that there is no merit to the Petitioner's assertion that his conviction resulted from incompetent advice of counsel, and that an evidentiary hearing is not necessary.

CLAIMS RAISED IN ORIGINAL PETITION

A. Challenge to the Sentencing Guidelines

The two main issues raised in the original motion by Petitioner are not cognizable under 28 U.S.C. § 2255. As a general rule, a person seeking to challenge a conviction or sentence must raise all appealable issues on direct appeal, and he may not use a § 2255 motion as a substitute for a direct appeal. United States v. Timmreck, 441 U.S. 780, 783 (1979) (§ 2255 motion shall not be permitted "to do service for an appeal"). If the issue has not been raised on direct appeal, Petitioner cannot raise the issue in a section 2255 motion unless he establishes cause excusing the default and actual prejudice. United States v. Frady, 456 U.S. 152, 167-168 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993).

Petitioner concedes that he did not raise a challenge to the Sentencing Guidelines on direct appeal. (Docket #343 at p. 3). He has stated no reason for the failure to raise the objection to the application of the guidelines before the trial judge prior to sentencing, or

before the Circuit Court of Appeals. Thus, Petitioner has failed to show cause for not raising this issue in earlier proceedings and it should be dismissed on that ground alone. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984).

B. Insufficient Evidence

Petitioner's claim that there was insufficient evidence to support his conviction (Docket #343, pp. 28-30), was raised on direct appeal and decided against him. As Respondent correctly points out, once a legal argument has been litigated and decided adversely to a criminal defendant, either at his trial or on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255. See Kaufman v. United States, 394 U.S. 217, 227, n.8 (1969) (relief could be denied "where the trial or appellate court has had a 'say' on a federal prisoner's claim."); Stephan v. United States, 496 F.2d 527 (6th Cir. 1974) (where an issue raised by defendant in a § 2255 motion has previously been decided on direct appeal, the trial court may decline to consider the claim). Accord, Moore v. United States, 598 F.2d 439 (5th Cir. 1979); United States v. Woods, 567 F.2d 861 (8th Cir. 1978); United States v. Natelli, 553 F.2d 5 (2d Cir. 1977); Egger v. United States, 509 F.2d 745 (9th Cir. 1975); Konigsberg v. United States, 418 F.2d 1270, 1273 (3d Cir. 1969); Van Buskirk v. United States, 343 F.2d 158 (6th Cir. 1965). The reasons advanced in support of this rule are the strong policies favoring finality in litigation and the conservation of scarce judicial resources. There appears to be no sound reason for this Court to reconsider this claim. Petitioner is simply attempting to resubmit the same issue again in the hope of getting a more favorable ruling.

C. Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of counsel also fails. In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has failed to meet his burden in this case. He argues that he was denied the effective assistance of counsel when his attorney failed to object to the prosecution's admission of guns into evidence. (Docket #343, pp 14-15). Such an objection, however, would have been futile, given the fact that the admissibility of guns as tools in the drug trade is well established. See United States v. Wheaton, 517 F.3d 350, 364-365 (6th Cir. 2008); United States v. Marino, 658 F.2d 1120, 1123 (6th Cir. 1981).

Petitioner also finds fault with defense counsel's cross-examination of Kelly Dawe, a cooperating witness. He asserts that the testimony of this witness, who was charged as

5

a co-conspirator, was false, and that his attorney should have done a better job of impeaching her testimony. In support of this claim, Petitioner provides an undated affidavit from co-defendant Herman Burch. In the affidavit, Burch states that he and Ms. Dawe had never been "hired" or "re-supplied" by Petitioner. As pointed out by the government, however, the primary evidence showing Petitioner's supervision of the workers selling drugs came from wiretaps and not Ms. Dawe. The Sixth Circuit further noted that Petitioner admitted in his post-arrest statement that he was "running the organization. Defense counsel thoroughly cross-examined Ms. Dawe on her plea agreement, and made a vigorous attack on her credibility. This claim should be rejected, as Petitioner has failed to demonstrate that counsel's alleged errors undermined the functioning of the adversarial process, or that they resulted in a wrongful conviction.

Petitioner maintains that trial counsel erred by suggesting that the court impose a sentence of no more than 360 months. Petitioner implies that this statement is the only reason that he was sentenced to 360 months. A review of the sentencing memorandum, prepared by defense counsel, indicates that Petitioner's offense level was scored at 42. According to the Sentencing Guidelines, that offense level merits a sentence of 360 months-life, regardless of criminal history. In addition, trial counsel expressly requested in the memorandum that the court disregard the guideline recommendation. Counsel instead recommended that Petitioner be sentenced to the mandatory minimum sentence of 20 years for his offense (Docket #185 at p.5). Given these facts, trial counsel's efforts on behalf of Petitioner prior to sentencing were well within the wide range of reasonable professional assistance. Petitioner's initial claim of ineffective assistance of counsel should be rejected as it is without merit.

CLAIMS RAISED IN AMENDED PETITION

Petitioner sought to add two additional claims of ineffective assistance of counsel in his Amended Motion to Vacate, Set Aside and Correct Sentence. He argues that he was denied the effective assistance of counsel when his attorney failed to move to suppress evidence allegedly obtained from an illegal search and seizure. Petitioner also maintains that trial counsel failed to object to the admission of allegedly inaccurate tapes and transcripts of wiretaps (Docket # 351 at p. 16).

The parties stipulate that the Amended § 2255 petition was filed after by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996. As a result, Petitioner can only assert additional claims if they relate back to the claims in his original motion. Claims relate back to the original motion if the claims "arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the context of habeas petitions, the Supreme Court has held that claims relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Mayle v. Felix., 545 U.S. 644, 657 (2005).

Using the standard set forth in Mayle, the illegal search and seizure claim does not relate back, and must therefore be dismissed. Petitioner made no claims in his original motion that related to an illegal search and seizure. This claim arises from an event that is separate in both time and type from the other allegations in the original complaint.

Petitioner acknowledges that his illegal search and seizure claim does not relate back to his original motion, but he asks the court to allow the claim under the doctrine of

7

equitable tolling (Docket #367). In determining whether to apply equitable tolling, the Court must consider the following five factors: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. Andrews v. Orr, 852 F.2d 146, 151 (6th Cir. 1988).

Equitable tolling is not appropriate in this case for several reasons. Petitioner was not ignorant of the filing requirement. While Petitioner may have been confused as to the exact day his federal conviction became final, he still filed his original § 2255 prior to the expiration of the one year statute of limitations. Nevertheless, Petitioner has not been diligent in the pursuit of his legal rights. He waited eleven months to amend his motion to assert an entirely new claim. In addition, Petitioner did not present any facts in support of the new claim. See Rule 2(b)(2) of the Rules Governing § 2255 Cases (mandating that the § 2255 motion must "state the facts supporting each ground."). Petitioner had failed to offer any facts in support of the claim that the evidence to which his counsel failed to object was illegally seized or otherwise subject to a valid objection. Absent such a showing, there can be no valid claim of ineffective assistance. These circumstances make equitable tolling of the statute of limitations improper.

Petitioner's second new claim, that his counsel erred by failing to object to the admission into evidence of allegedly inaccurate tapes and transcripts of wiretaps, does relate back to his original motion. He had previously asserted that trial counsel had failed to object to the admission of telephone records (Docket # 351 at p.16). However, his new claim is factually distinct and based upon conduct not addressed in the original claims. Furthermore, Petitioner has presented no fact tending to establish that the audio tapes or

transcripts to which his counsel failed to object actually were inaccurate or misleading. Absent such a showing, the wiretap evidence was clearly relevant and no valid objection to its admission could have been made. As a result, this claim of ineffective assistance of counsel should be rejected as lacking a supporting factual basis.

Accordingly, I recommend that the instant Motion to Vacate, Set Aside, or Correct Sentence be denied as not cognizable under § 2255. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within fourteen (14) days after they are served with a copy, or further appeal from Judge Zatkoff's' acceptance thereof is waived.

                                                  s/Donald A. Scheer  
                                                  DONALD A. SCHEER  
                                                  UNITED STATES MAGISTRATE JUDGE  
DATED: June 30, 2010

---

**CERTIFICATE OF SERVICE**

I hereby certify on June 30, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 30, 2010: **Contrell Smith.**

                                                  s/Michael E. Lang  
                                                  Deputy Clerk to  
                                                  Magistrate Judge Donald A. Scheer  
                                                  (313) 234-5217