UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

     Plaintiff,

v.                          Case No. 04-80857

Contrell Smith,            Sean F. Cox
                             United States District Court Judge

     Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT (ECF No. 435)

In the early 2000s, Defendant Contrell Smith led the "Joy Boys," a cocaine distribution ring that operated in Detroit, Michigan. Under Smith's leadership, the Joy Boys were sophisticated, successful, and short-lived. During their fifteen months of operation, they earned approximately $15 million by selling crack and powder cocaine twenty-four hours a day, seven days a week, through a customer service hotline and a fleet of delivery vehicles. According to government estimates, Smith—the kingpin of the organization—earned "hundreds of thousands of dollars," from the sale of crack and powder cocaine in Detroit neighborhoods.

Today, Smith is serving a 324-month prison sentence for orchestrating the Joy Boys' cocaine distribution. In 2006, a jury convicted him of engaging in a continuing criminal enterprise, possessing crack and powder cocaine with intent to distribute, and various other criminal offenses.

In the years since Smith began his sentence, Congress has changed the sentencing consequences of crack cocaine offenses, mainly to address the disparity between sentences for crack and powder cocaine. In 2010, the Fair Sentencing Act increased the amount of crack cocaine

1

needed to trigger mandatory-minimum sentences. This change, however, was not retroactive so it had no impact on Smith's already imposed sentence. Eight years later, Congress made the lesser penalties for crack cocaine retroactive by passing the First Step Act of 2018.

Relying on these recent reforms, Smith has filed a motion seeking a reduced sentence. He argues that, because he was convicted of crack cocaine offenses, the Fair Sentencing Act, as made retroactive by the First Step Act, allows the Court to reduce his 324-month sentence. The Government opposes this motion.

To resolve Smith's motion, the Court must address three issues: (1) whether his convictions were for "covered offenses," as that term is defined by the First Step Act; (2) if some convictions were for "covered offenses," and some were not, whether the Court may reduce Smith's sentence for the non-covered offenses,  and (3) whether Smith's sentences should be reduced.

The Government concedes, and the Court agrees, that the First Step Act allows the Court to reduce Smith's sentence on his crack cocaine possession-with-intent convictions. But Smith was not convicted of *only* crack cocaine offenses. He was also convicted of engaging in a continuing criminal enterprise that distributed both crack and powder cocaine—an offense that is beyond the reach of the First Step Act. And because the Court is able to modify Smith's sentences only as expressly permitted by the First Step Act, the Court is powerless to reduce Smith's 324-month sentence for that non-covered conviction.

Although Smith's sentence for his continuing-criminal-enterprise conviction must remain as imposed, the Court can, and will, reduce Smith's sentence for his crack cocaine possession-with-intent convictions. However, Smith has a pending motion for compassionate release, and the Court will defer ordering further proceedings on this issue until after that motion is resolved.

2

In sum, and as more fully explained below, the Court will deny Smith's motion to the extent it seeks a sentence reduction on his continuing-criminal-enterprise conviction, and grant Smith's motion to the extent it seeks a sentence reduction on his crack cocaine possession-with-intent convictions.

## BACKGROUND

In 2006, a jury convicted Defendant Contrell Smith on nine counts: (1) engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 ("Count 2");[1] (2) possession with intent to distribute a controlled substance (176.2 grams of cocaine base), in violation of 21 U.S.C. § 841(a)(1) ("Count 4"); (3) possession with intent to distribute a controlled substance (13.1 grams of cocaine), in violation of 21 U.S.C. 841(a)(1) ("Count 5"); (4) possession with intent to distribute a controlled substance (59.8 grams of a cocaine base), in violation of 21 U.S.C. 841(a)(1) ("Count 6"); (5) possession with intent to distribute a controlled substance (99.9 grams of cocaine), in violation of 21 U.S.C. 841(a)(1) ("Count 7"); and (6) four counts of unlawful use of a communication facility, in violation of 21 U.S.C. 843(b) ("Counts 27, 30, 31, and 32"). (ECF No. 191). For both Counts 4 and 6, the jury found that Smith possessed 50 grams or more of crack cocaine. (ECF No. 172, PageID 613-614). Under the penalties for crack cocaine offenses in effect at the time of sentencing, Smith faced a mandatory-minimum sentence of 10 years' imprisonment for his crack cocaine possession-with-intent convictions.

---

[1] The jury also convicted Smith of conspiracy to distribute and possess with intent to distribute cocaine or a cocaine base. ("Count 1") (ECF No. 172, PageID 611). The jury found that 5 kilograms or more of cocaine and 50 grams or more of crack cocaine were involved in this offense. (ECF No. 172, PageID 612). However, because conspiracy to distribute a controlled substance is a lesser-included offense of Smith's continuing criminal enterprise conviction, Smith's conviction on Count 1 was vacated after the verdict. *See, generally, Rutledge v. United States*, 517 U.S. 292 (1996).

At sentencing, Smith's Guidelines Range was life, but the Honorable Lawrence P. Zatkoff varied downward in imposing his sentence. On Counts 2, 4, and 6, Judge Zatkoff sentenced Smith to 360 months' imprisonment. On Counts 5 and 7, Smith was sentenced to 240 months' imprisonment. And on Counts 27, 30, 31, and 32, Smith was sentenced to 48 months' imprisonment. All sentences ran concurrent to each other. (ECF No. 191, PageID 736). Smith began serving his sentence on July 31, 2006. (ECF No. 204, PageID 913).

Smith appealed his convictions. (ECF No. 192). On August 9, 2007, the United States Court of Appeals for the Sixth Circuit affirmed Smith's convictions. (ECF No. 254). On December 20, 2007, the United States Supreme Court denied Smith's petition for a writ of certiorari. (ECF No. 285).

After Smith's conviction became final, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF Nos. 343 and 351). Judge Zatkoff referred that motion to Magistrate Judge Donald Scheer, who issued a Report and Recommendation, advising that the motion be denied. (ECF No. 373). Judge Zatkoff adopted this Report and Recommendation, over Smith's objection, and denied the § 2255 motion. (ECF No. 376). Smith attempted to appeal this ruling, but both Judge Zatkoff and the Sixth Circuit declined to grant a certificate of appealability. (ECF Nos. 382 and 385).

In 2015, this case was reassigned to the undersigned.  On January 2, 2018, the Government stipulated that Smith was eligible for a sentence reduction to 324 months because of post-sentence amendments to the Sentencing Guidelines. (ECF No. 431). On June 1, 2018, the Court reduced Smith's sentence on Counts 2, 4, and 6 from 360 months' imprisonment to 324 months' imprisonment. (ECF No. 434). His sentence on the remaining counts remained as originally

imposed. According to the Bureau of Prisons's website, Smith's expected release date is March 13, 2029.

On March 4, 2019, Smith filed a *pro se* motion to further reduce his sentence based on the then-months-old First Step Act. (ECF No. 435). Under this district's protocol for reviewing First Step Act motions, the Federal Community Defender's Office was appointed to represent Smith. On July 22, 2019, Smith—now acting through counsel—filed a supplemental brief in support of his motion for a sentencing reduction. (ECF No. 437). Smith argues that, because the First Step Act lowered the mandatory-minimum sentences for Counts 4 and 6 by retroactively applying the Fair Sentencing Act, he is eligible to receive a reduced sentence. He also argues that the Court should apply the current Guidelines, which would result in a range of 292 to 365 months' imprisonment. Finally, he argues that his post-offense rehabilitation and conduct in prison deserves a sentence reduction to 240 months' imprisonment.

On December 16, 2019, the Government filed a response, opposing Smith's motion on two grounds. (ECF No. 443). First, while the Government concedes that the Court can reduce Smith's sentence on his possession-with-intent convictions (Counts 4 and 6), it argues that the First Step Act does not allow the Court to reduce Smith's sentence on his continuing criminal enterprise conviction (Count 2). Second, the Government argues that, even if the Court has the authority to reduce Smith's total sentence, it should decline to do so based on the circumstances of the offense conduct and Smith's characteristics.

On February 5, 2020, Smith filed a reply, arguing that because his continuing criminal enterprise conviction was premised on his drug charges, it is a "covered offense," under the First Step Act. (ECF No. 447).  On April 29, 2020, the Court held a hearing on Smith's motion. This

hearing was held telephonically because the Theodore Levin United States Courthouse was closed in response to the COVID-19 pandemic.

## ANALYSIS

### I.      Statutory Background

Smith's motion relies on the relationship between three statutes, each of which plays a very specific role in the Court's analysis. First, 18 U.S.C. § 3582(c)(1)(B) is the general grant of authority through which the Court can consider modifying Smith's sentence. Second, the Fair Sentencing Act provides the substance of Smith's motion. Third, the First Step Act provides the procedure by which the Court can apply the Fair Sentencing Act retroactively.

Neither the parties' research nor the Court's research has uncovered any binding authority from the Sixth Circuit or the Supreme Court, or persuasive authority from other circuit courts, interpreting the relevant portions of these statutes and their interplay with each other as applied to these facts and counts of conviction. Thus, the Court's task in evaluating Smith's motion is primarily one of statutory interpretation.  When interpreting a statute, its language is "the starting point . . . and the ending point if the plain meaning of that language is clear." *Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 909 (6th Cir. 2017) (quotation omitted); *see also Brilliance Audio, Inc. v. Haights Cross Communications, Inc.*, 474 F.3d 365, 371 (6th Cir. 2007) ("If the language of the statute is clear, then the inquiry is complete, and the court should look no further.") The best indication of Congress's intent in enacting a statute is the statute itself; "[o]nly if the statute is 'inescapably ambiguous' should a court look to other persuasive authority in an attempt to discern legislative meaning." *Brilliance Audio*, 474 F.3d at 371 (*quoting Garcia v. United States*, 469 U.S. 70, 76 n.3 (1984)). Because none of these statutes is inescapably ambiguous—or, in fact, ambiguous at all— and because their relationships to each other and the

statutes under which Smith was convicted are obvious, the Court's evaluation begins and ends with the text.

### A.    18 U.S.C. § 3582(c)(1)(B)

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The general statute that allows the Court to modify Smith's sentence under a specific statute is 18 U.S.C. § 3582(c)(1)(B), which provides that "[t]he court may not modify a term of imprisonment once it has been imposed except that, in any case, the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"

This general statute limits the relief available to Smith and defines how the Court must interpret the scope of the two specific statutes in this case. By the plain language of § 3582(c)(1)(B), the Court may modify Smith's sentence only as *expressly permitted* by the Fair Sentencing Act and the First Step Act. With this in mind, the Court turns to those statutes.

### B.    The Fair Sentencing Act

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), provided the substantive change that is at the heart of Smith's motion. The specific language of the Fair Sentencing Act is important to the outcome of this motion and will be examined in detail below. Put simply, this Act addressed a sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger mandatory-minimum sentences. *See, generally, United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012).  Before the Fair Sentencing Act, a defendant who, like Smith, possessed 50 grams or more of crack cocaine with intent to distribute faced a 10-year mandatory minimum and a possible life sentence. *See* 21 U.S.C.

§ 841(b)(1)(A)(iii) (version effective April 15, 2009 to Aug. 2, 2010). After the Act, that same defendant would have needed to possess 280 grams to trigger the 10-year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (current version). Now, if he possesses more than 50 grams, but less than 280 grams, he faces a mandatory minimum of 5 years and a maximum sentence of 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). In other words, if Smith had been sentenced after the Fair Sentencing Act went into effect, his sentence would have contemplated less severe sentencing consequences for his crack cocaine offenses.

The Fair Sentencing Act, however, was not retroactive. *Blewett*, 746 F.3d at 650. So it provided no relief to Smith, who had been sentenced more than four years before it went into effect.

### C.      The First Step Act

This is where the First Step Act comes into play. The non-retroactivity of the Fair Sentencing Act meant that many crack cocaine offenders remained incarcerated under a disproportionate sentencing regime. In 2018, Congress extended relief to these prisoners by enacting the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Generally, the First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F.Supp.3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp.3d 379, 385 (E.D.N.Y. 2019)).

As most relevant to Smith, Section 404 of the First Step Act made the Fair Sentencing Act's changes for crack cocaine offenses retroactive for defendants who had been sentenced prior to its enactment. Section 404 is divided into three sub-parts. Section 404(a) defines which offenses are covered by the First Step Act's imposition of retroactivity:

    (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

Pub. L. 115-291, 132 Stat. 5194. Section 404(b) allows a court to reduce a defendant's sentence

for a covered offense as if the Fair Sentencing Act had been in effect at the time the offense was

committed:

    (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id*. And Section 404(c) bars a court from considering a motion from a defendant whose sentence

was already reduced under the Fair Sentencing Act, and makes it clear that a sentencing reduction

under the First Step Act is left to the Court's discretion:

    (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.* In sum, Section 404 of the First Step Act defines which sentences may be reduced and provides

the procedure and authority for applying the Fair Sentencing Act's crack cocaine changes

retroactively for prisoners who committed their offenses before August 3, 2010.

## II. Issues

    In opposing Smith's motion, the Government concedes that Section 404 of the First Step

Act allows the Court to reduce Smith's sentence on his undischarged crack cocaine possession-

with-intent convictions. Gov't's Res. 2 (ECF No. 443) ("This court has undisputed authority to

reduce [Smith's] concurrent 324-month sentences on counts 4 and 6, convictions for possession with intent to distribute crack cocaine.") Thus, Smith's motion boils down to three questions: (1) is engaging in a continuing criminal enterprise, in violation of  21 U.S.C. § 848, a "covered offense" under Section 404(a)?; (2) if not, can the Court still reduce Smith's sentence on that conviction because he was also convicted of covered offenses?; and (3) does Smith merit a sentence reduction?

### A.      Whether Engaging in a Continuing Criminal Enterprise is a "Covered Offense"

The First Step Act, by its own terms, defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372)[.]"  Pub. L. 115-291, 132 Stat. 5194, Sec. 404(a). "Under the plain language of the Act, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated. If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a 'covered offense.'" *Boulding*, 379 F.Supp.3d at 652, *aff'd in relevant part*, 960 F.3d 774 (6th Cir. June 1, 2020). In other words, to determine whether a conviction was for a "covered offense," the Court applies a "simple, categorical" approach, namely "whether a defendant's conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Boulding*, 379 F.Supp.3d at 651.[2]

To apply this categorical approach, the Court will first determine which statutes were affected by the relevant provisions of the Fair Sentencing Act. Section 2 of the Fair Sentencing Act is titled "Cocaine Sentencing Disparity Reduction," and reads as follows:

---

[2] On appeal, the Sixth Circuit vacated *Boulding* in part, but expressly adopted its categorical approach to determining eligibility under the First Step Act. *See Boulding*, 960 F.3d at 781 ("[E]ligibility for resentencing under the First Step Act turns on the statute of conviction alone.")

    (a) CSA.--Section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) is amended-

        (1) in subparagraph (A)(iii), by striking "50 grams" and inserting "280 grams"; and

        (2) in subparagraph (B)(iii), by striking "5 grams" and inserting "28 grams".

    (b) IMPORT AND EXPORT ACT.--Section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)) is amended—

        (1) in paragraph (1)(C), by striking "50 grams" and inserting "280 grams"; and

        (2) in paragraph (2)(C), by striking "5 grams" and inserting "28 grams".

Pub. L. 111-220, 124 Stat. 2372. Section 3 of the Fair Sentencing Act is titled "Elimination of Mandatory Minimum Sentence for Simple Possession," and reads as follows:

    Section 404(a) of the Controlled Substances Act (21 U.S.C. 844(a)) is amended by striking the sentence beginning "Notwithstanding the preceding sentence,".

*Id*.

Together, Sections 2 and 3 of the Fair Sentencing Act expressly affected three criminal statutes: 18 U.S.C. § 841(b)(1), 21 U.S.C. § 960(b), and 21 U.S.C. § 844(a). Violations of these statutes are undoubtedly "covered offenses" under Sec. 404(a) of the First Step Act.

Notably absent from Sections 2 and 3 of the Fair Sentencing Act is any reference to the continuing criminal enterprise statute, 21 U.S.C. § 848. This absence is a strong indication that a violation of § 848 is not a "covered offense." However, the Court believes that two additional points bear mentioning: (1) the effect that the Fair Sentencing Act might have had on some § 848 convictions; and (2) district court opinions that have reduced sentences on § 848 convictions under the First Step Act.

11

### i.   A Review of 21 U.S.C. § 848.

First, the Court's review of § 848 indicates that the Fair Sentencing Act *might* have modified the sentencing penalties for some § 848 convictions. § 848 penalizes "any person who engages in a continuing criminal enterprise," which occurs if

**(1)** he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and

**(2)** such violation is a part of a continuing series of violations of this subchapter or subchapter II—

**(A)** which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

**(B)** from which such person obtains substantial income or resources.

21 U.S.C. § 848(c).

§ 848 has three substantive subsections, each of which provides for its own criminal liability and penalties. *See* 21 U.S.C. § 848(a), (b), and (e).  Two subsections are relevant to this case—§848(a) and §848(b).[3] § 848(a) provides for a 20-year mandatory-minimum for "any person who engages in a continuing criminal enterprise," and that mandatory-minimum jumps to 30 years if the person has a previous drug conviction:

**a)  Penalties; forfeitures**

Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title; except that if any person engages in such activity after one or more prior convictions of him under this section have

---

[3] The third subsection, § 848(e), provides for a 20-year mandatory-minimum and the possibility of a life sentence or the death penalty if the continuing criminal enterprise causes death. 21 U.S.C. § 848(e).

become final, he shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment, to a fine not to exceed the greater of twice the amount authorized in accordance with the provisions of Title 18 or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title.

21 U.S.C. § 848(a). The next section, § 848(b), mandates a life sentence for "any person who engages in a continuing criminal enterprise" if that person is a principal of the enterprise, and the enterprise was sufficiently large in terms of either drug quantity or gross receipts:

**(b) Life imprisonment for engaging in continuing criminal enterprise**
Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a), if—

**(1)** such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and

**(2)(A)** the violation referred to in subsection (c)(1) involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or

**(B**) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

21 U.S.C. § 848(b).

Notably, the drug quantity necessary to trigger a mandatory life sentence under § 848(b)(2)(A) is tied to 21 U.S.C. § 841(b)(1)(B). Before the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B)(iii) provided for a 5-year mandatory-minimum if the defendant's offense involved more than 5 grams of crack cocaine. Under that regime, a defendant convicted under § 848(b) whose criminal enterprise involved more than 1.5 kilograms (5 grams times 300) of crack cocaine would face a statutorily mandated life sentence.  However, Section 2 of the Fair Sentencing Act replaced "5 grams" with "28 grams." Thus, post-Fair Sentencing Act, a defendant convicted under

13

§ 848(b)(2)(A) faces a life sentence based on crack cocaine quantity only if his criminal enterprise involved more than 8.4 kilograms (28 grams times 300) of that drug.

Put differently, Section 2 of the Fair Sentencing Act appears to have indirectly modified the statutory penalties for a violation of 21 U.S.C. § 848(b)(2)(A). Thus, a violation of § 848(b) that hinged on the amount of crack cocaine involved in the continuing criminal enterprise could be a "covered offense," as that term is defined in Sec. 404(a) of the First Step Act.

This possible effect of the Fair Sentencing Act on 21 U.S.C. § 848(b) does not help Smith, however, because he was not convicted under § 848(b). He was convicted under § 848(a) and faced a 20-year mandatory-minimum sentence, not a mandatory life sentence. Although—broadly speaking—Smith was convicted under a statutory scheme, the statutory penalties for which might have been, as a whole, modified by the Fair Sentencing Act, he was never exposed to the portion of it that might have been modified. Instead, he was only charged and convicted under § 848(a), an entirely self-contained subsection of the statute, the statutory penalty for which was not modified by the Fair Sentencing Act in any way.

This parsing of the statute is supported by *United States v. Smith*, 954 F.3d 446 (1st Cir. April 8, 2020), albeit indirectly. In *Smith*, the defendant had been convicted of distributing less than two grams of crack cocaine under 21 U.S.C. § 841(a)(1), (b)(1)(C). Because the penalty for this amount of drugs had not been changed by the Fair Sentencing Act, the Government argued that the defendant had not been convicted of a "covered offense."

The First Circuit was tasked with determining whether "the phrase 'Federal criminal statute' in the First Step Act refers to 21 U.S.C. § 841 generally or only to a subsection of § 841, and, if the latter, which one." *Id.* at 449.

14

To begin, the court noted that the body of § 841 and the headings of § 841's subsections "bolstered" the defendant's argument that § 841(a) is the "Federal criminal statute," and that "the statutory penalties" for a violation of this statue are described in § 841(b). The court then rejected the Government's argument that the subsections of § 841(b)(1) are different "Federal criminal statute[s]" because they set out different elements. The court concluded that "the relevant statute that [the defendant] violated is either § 841 as a whole, or § 841(a), which describes all the conduct necessary to violate § 841."[4] *Id*.

Considering *Smith*, § 848 presents an even easier question. In contrast to § 841's division of liability and penalty into different subsections, § 848(a) both "describes all the conduct necessary to violate" § 848 and proscribes the statutory penalties for that violation. § 848(a) is clearly a standalone "Federal criminal statute," which Smith was convicted of violating. Because the statutory penalties for violating 848(a) were not modified by the Fair Sentencing Act, Smith's conviction on Count 2 is not a "covered offense" under the First Step Act.

### ii.      District Court Opinions Cited by Smith

Smith appears to acknowledge that his § 848 conviction is not obviously a covered offense. In his reply, he argues that his § 848 conviction is a covered offense "because the enterprise consisted of the crack conspiracy." (ECF No. 447, PageID 2804). Although Smith's counsel admits that he "has not found any circuit authority on the issue," Smith's reply cites three out-of-circuit district court opinions. On May 13, 2020, Smith filed a supplemental authority that cited a fourth district court opinion that has dealt with this issue. (ECF No. 455) On June 11, 2020, Smith filed

---

[4] The *Smith* court declined to decide "whether the application statute is § 841 or §841(a) because neither party argue[d] that it would make any difference in this case." *Id*. at n.4

a fifth supplemental district court opinion, (ECF No. 465) and on June 23, 2020, he filed a sixth. (ECF No. 467).

Generally, these courts concluded that the First Step Act authorized reduced sentences on criminal enterprise convictions because the defendant had been convicted of at least one other covered offense, or the underlying criminal activity was dealing crack cocaine. The Court will refer to these approaches as (1) the "one qualifies" approach because the courts concluded that one covered offense qualifies a defendant for a reduced sentence on all counts, and (2) the "underlying conduct" approach because the court looked to the underlying conduct of the criminal enterprise. A third rationale cited by these courts for reducing § 848 sentences relied on §848(b)'s reference to § 841(b)(1)(B). The Court will consider each opinion and approach in turn.

### a. *Wright v. United States*: the "One Qualifies" Approach

In *Wright v. United States*, 2019 WL 6039954 (E.D. Va. 2019), the defendant had been convicted of engaging in a continuing criminal enterprise and other offenses, including four counts of crack cocaine distribution or possession-with-intent-to-distribute crack cocaine. *Id*. at *2. The court concluded that, because "Counts 9, 11, 14, and 36 in 4:95-cr-39 are all offenses under 21 U.S.C. § 841 and therefore were modified by Section 2 of the [Fair Sentencing Act]," the defendant met the "statutory requirements of § 404 of the First Step Act." *Id*. at *3. In the *Wright* court's view, the First Step Act allowed it to reduce the defendant's sentence on all counts. *Id*. at *4-*5. Thus, the *Wright* court appears to have acted consistent with the "one qualifies" approach.

Notably, the Government in *Wright* did not argue that the defendant's § 848 conviction was not a covered offense. As to eligibility, the Government appears to have argued that the defendant was ineligible only because he had already received a reduction from a prior motion. *Id*. at *4 ("The Government argues that although he qualifies, Petitioner Wright is not eligible for a

reduced sentence because his sentence was already reduced from Life to 360 months under his

prior § 3582 Motion, and 360 months is still within his new guideline range under the FIRST STEP

Act.") A dispute as to whether the First Step Act allowed the court to reduce a defendant's sentence

on a § 848 conviction was not before the *Wright* court. Thus, *Wright* provides no relevant guidance

on this issue.

> ### b. *United States v. Powell* and *United States v. Jones*:[5] the "One Qualifies" Approach

In *United States v. Powell*, 2019 WL 4889112 (D. Conn. 2019), the defendant had been

convicted of racketeering and crack cocaine conspiracy offenses.  When the defendant sought to

reduce his sentence under the First Step Act, the Government argued that the court could not reduce

the defendant's sentence on his RICO convictions because they were not covered offenses. The

court disagreed, concluding that the language of Section 404(a)

> does not, on its face, restrict eligibility to defendants who were only convicted of a singular violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act. So long as a defendant was convicted of "a violation"—i.e., at least one violation—for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act, he or she is eligible for relief under the First Step Act.

*Id*. at *3. The *Powell* court believed that this expansive view of a defendants' eligibility under the

First Step Act was also appropriate because "various courts agree that the First Step Act should be

construed broadly." *Id*. at *3 (citations omitted). Because the defendant had been convicted of a

covered offense (conspiracy to possess with intent to distribute 50 grams or more of cocaine base,

---

[5] These cases were decided by the same judge, the Honorable Victor A. Bolden of the United States District Court for the District of Connecticut. Judge Bolden decided *Powell* first and then adhered to *Powell*'s reasoning in *Jones*. *See Jones*, 2019 WL 6907304 at *5. Thus, a detailed description of *Jones* would be redundant.

in violation of § 21 U.S.C. §841 (a)(1), (b)(1)(A), and § 846), the *Powell* court determined that it could reduce the defendant's sentence on his racketeering charges. *Id*. at *4.

In sum, the *Powell* court determined that, so long as the defendant had been convicted of at least one covered offense, the First Step Act allowed a reduction of sentence on all of the defendant's counts of conviction, even those not directly related to crack cocaine. *See also Powell*, 2020 WL 4889112 at *4 ("Eligibility for relief under the First Step Act thus turns not on whether a conviction, even if it incorporates several violations of criminal statutes, may be construed as a whole as a "covered offense," but whether there is a conviction of a violation of a criminal statute for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act."); *Id*. at *7 ("The RICO, RICO Conspiracy, obstruction of justice and witness tampering, and conspiracy to commit money laundering convictions thus were all addressed together, with the crack cocaine violation, as part of a single sentencing package, as inextricably related offenses. The Court thus has the authority to reduce Mr. Powell's entire sentence under the First Step Act.") (citations omitted). *Powell* is illustrative of the "one qualifies" approach.

Smith argues that *Powell* supports his argument that the Court can reduce his sentence for engaging in a continuing criminal enterprise. To begin, the "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed.2011)). Thus, *Powell* is relevant only for its persuasive value.

The Court is not persuaded by *Powell* or the "one qualifies" approach. A bedrock principle of post-conviction procedure is that "[a] district court may modify a defendant's sentence only as provided by statute." *Johnson*, 564 F.3d at 421; *see also* 18 U.S.C. § 3582(c)(1)(B) (allowing a

18

court to "modify an imposed term of imprisonment to the extent otherwise *expressly permitted* by statute. . .") (emphasis added).

Section 404(b) supplies the statutory authority for a court to reduce a defendant's sentence under the First Step Act. Stripped to its operative language, Sec. 404(b) provides, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Sec. 404(b), Pub. L. 115-291, 132 Stat. 5194. Plainly, this provision indicates that the Court may only impose a reduced sentence for a covered offense. At the very least, Sec. 404(b) does not *expressly permit* the Court to reduce a sentence for a non-covered offense. *See* 18 U.S.C. § 3582(c)(1)(B). *Powell* assumed that a court could reduce a sentence for a covered offense because Sec. 404(b) did not *expressly prohibit* such a reduction. This approach overlooks the longstanding, well-defined limits placed on the power of a district court to modify an imposed sentence.

A recent Sixth Circuit opinion also implicitly rejects the "one qualifies" approach. In *United States v. Smith*, 958 F.3d 494 (6th Cir. May 6, 2020), the defendant had been convicted of both powder and crack cocaine offenses. *Id*. at 495. Under the First Step Act, the district court reduced his sentence on the crack cocaine offenses without reducing his sentence on the powder cocaine offenses because the former were the "two counts impacted by the Fair Sentencing Act." *Id*. The Sixth Circuit described this distinction, without further comment. If the First Step Act had allowed the district court to reduce the defendant's sentence on his non-covered powder cocaine offenses, this issue would have, presumably, arisen in that case.

For these reasons, the Court rejects the "one qualifies" approach, as described in *Powell*.

19

c. *United States v. Hall*: the "Underlying Criminal Conduct" Approach and § 848(b)'s Reference to § 841(b)(1)(B)[6]

In *United States v. Hall*, Crim. Action No. 2:93-cr-162(1) (E.D. Va. March 2, 2020),[7] the defendant had been convicted of engaging in a continuing criminal enterprise based on a crack cocaine distribution conspiracy. *Id.* at 5. The parties disputed whether this conviction was for a covered offense, with the defendant arguing that it was covered because the penalties for the underlying criminal conduct were modified by the Fair Sentencing Act. The defendant also argued that, even though he did not receive a mandatory life sentence under § 848(b), his offense was covered because the Fair Sentencing Act altered the penalties proscribed by § 848(b).

The *Hall* court agreed with the defendant, holding that his "conviction for [engaging in a continuing criminal enterprise] is a 'covered offense' under the First Step Act, not only because the provisions Petitioner was convicted under references § 841 and § 846, but also because the essence of Petitioner's conviction under § 848 involved Petitioner's trafficking of crack cocaine." *Id.* at 10. Here is the relevant portion of the *Hall* opinion:

> A conviction under CCE requires a violation of a drug statute where "such violation is part of a continuing series of violations." 21 U.S.C. § 848(c). Specifically, an individual is engaged in a CCE if: "(1) he violates any provision of [the federal drug laws, i.e.,] the punishment for which is a felony; and (2) such violation is a part of a continuing series of violations of [the federal drug laws, i.e.,] ..." that involved five or more persons for whom the individual was an organizer and obtained a substantial income or resources. 21 U.S.C. § 848(c); *see also Richardson v. United States*, 526 U.S. 813, 815 (1999). An individual convicted under CCE faces a mandatory minimum of 20 years. 21 U.S.C. § 848(a). However, an individual could face mandatory life in prison if that individual was the

---

[6] The last two cases cited by Smith, *United States v. Brown*, Case No. 3:08-cr-00011-1 (W.D.Va., June 11, 2020) (ECF No. 465-1) and *United States v. Dean*, 2020 WL 2526476 (D. Minn. May 18, 2020) both relied on § 848(b)'s reference to § 841(b)(1)(B). Because *Hall* also detailed this approach, independent descriptions of *Brown* and *Dean* are not necessary.

[7] *Hall* does not appear to be available on Westlaw, but Smith provided a copy of this opinion as a supplemental citation after the hearing. (ECF No. 455-1).

"principal administrator, organizer or leader of the enterprise, or one of several principal administrators, organizers, or leaders" and the violation "involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title" or "the enterprise... received $10 million dollars in gross receipts during any twelve month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B)." 21 U.S.C. § 848(b).

At the time of Petitioner's conviction in 1994, the indictment did not allege a specific violation under either § 848(a) or (b) to expose him to a specific penalty provision based on conviction. *See* ECF No. 839. Nor was the government required to do so. But Petitioner was still subjected to the penalties involved in § 848(b) and therefore faced a mandatory minimum under 21 U.S.C. § 848(a) or potentially mandatory life under § 848(b), if certain factors were proven by a preponderance of evidence at sentencing. This Court therefore does not agree that because § 848(a) or (c) does not specifically cross-reference § 841 or § 846, that it has nothing to do with the quantity of crack cocaine particularly in Petitioner's case. Indeed, if Petitioner was found at sentencing to have led an enterprise that involved 300 times the quantity of crack cocaine established in § 841, Petitioner would have been subjected to a mandatory life term required by § 848(b). The fact that Petitioner was not sentenced under § 848(b), where the indictment didn't identify a specific provision, does not take away the fact that the object of Petitioner's enterprise was trafficking crack cocaine.

This brings the Court to another key point - Petitioner was convicted of CCE because he committed a series of underlying violations under § 841 and § 846. To convict under § 848, a jury in a federal criminal case must unanimously agree not only that a defendant committed some "continuing series of violations" but also that the defendant committed each of the individual "violations" necessary to make up the "continuing series." *Richardson*, 526 U.S. at 815. Petitioner's conviction for CCE included his conspiracy to traffic crack cocaine. The indictment specifically charged Petitioner with conspiring to distribute at least 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). ECF No. 839. The indictment also specifically charged Petitioner with engaging in CCE by violating 21 U.S.C. §841 and 846. *Id*. at 14 (emphasis added). Petitioner was then convicted, by a jury, of Conspiracy to Possess with Intent to Distribute and Distribute Mixture and Substance Containing Cocaine and Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One); and CCE, in violation of 21 U.S.C. § 848 (Count Three). Because the conspiracy conviction is considered a lesser included offense of the CCE, this Court vacated Petitioner's sentence for conspiracy, and sentenced Petitioner for the CCE count.[8] Thus, the underlying "series of violations"

---

[8] At this point, the *Hall* court included the following footnote: "Petitioner was convicted specifically under § 846 for crack cocaine, the statutory penalties which were modified under the FSA. Had Petitioner's conspiracy charge remained, Petitioner would have also been eligible for relief because Petitioner's conspiracy charge which included crack cocaine, is a covered offense

for Petitioner's CCE offense included violations of crack cocaine offenses under 21 U.S.C. § 841(a)(1) and (b)(1)(A). The statutory penalties of 21 U.S.C. § 841(a)(1) and (b)(1)(A) were modified by the FSA.

Given the facts of this case, this Court holds that Petitioner's conviction for CCE is a "covered offense" under the FIRST STEP Act, not only because the provisions Petitioner was convicted under references § 841 and § 846, but also because the essence of Petitioner's conviction under § 848 involved Petitioner's trafficking of crack cocaine. The mere title of a statute does not prevent Petitioner's eligibility under the FIRST STEP Act where the object of Petitioner's offense was dealing in crack cocaine. To hold otherwise would render the FIRST STEP Act useless where the goal of the act is to correct unjust sentences given to those who dealt with crack cocaine and who could not benefit from the changes to the federal sentencing scheme over the last two decades. Meeting all the eligibility requirements under the FIRST STEP Act, Petitioner is eligible for relief.

*Hall*, Case No. 2:93-cr-162(1), Amended Memorandum Opinion and Order filed March 2, 2020, 8-10 (ECF No. 455-1, PageID 2841-2843). *Hall* epitomizes what the Court refers to as "the underlying conduct" approach.

*Hall* supports Smith's argument that the Court can reduce his sentence for engaging in a continuing criminal enterprise. But again, *Hall* is only relevant for persuasive value. *Camreta v. Green*, 563 U.S. at 709 n.7. And, for the following reasons, *Hall* is not persuasive.

First, for the reasons explained in Section II.A.i of this Opinion and Order, the Court rejects the conclusion that § 848(b)(2)(A)'s reference to § 841(b)(1)(B) causes convictions under § 848(a) to be covered by the First Step Act. § 848(a) is a standalone federal criminal statute, the penalty for which was not altered by the Fair Sentencing Act.

Second, § 848 describes criminal conduct that is distinct from the conduct criminalized in provisions of the drug code that were modified by the Fair Sentencing Act. To be sure, for Smith

---

under the FIRST STEP Act. To now find Petitioner ineligible because his conspiracy charge was vacated in the presence of a CCE conviction for trafficking crack cocaine, would defeat the purpose of the FIRST STEP Act." *Id*. at 10, n.2.

to have been convicted under § 848, the jury must have concluded that he violated § 841(a)(1), §

846, and/or § 843(b), as charged in his Superseding Indictment. (ECF No. 155, PageID 537). But

the jury must also have concluded that these violations occurred as "part of a continuing series of

violations;" that Smith committed these violations "in concert with five or more other persons with

respect to whom [Smith] occupie[d] a position of organizer, a supervisory position, or [another]

position of management;" and that Smith "obtained substantial income or resources" from these

violations. *See* 21 U.S.C. § 848(c); *see also United States v. Burns*, 298 F.3d 523, 535 (6th Cir.

2002) (listing the elements of a continuing criminal enterprise conviction). Smith did not simply

deal drugs. He dealt drugs *and* managed other drug dealers *and* obtained substantial income from

these drug-dealing activities. This conduct is over and above the "underlying criminal conduct"

and cannot be equated with a violation of § 841(a)(1), § 846, or § 843(b).[9]

Third, and perhaps most importantly, the circumstances of conviction distinguish this case

from *Hall*. The criminal enterprise in *Hall* appears to have only dealt in crack cocaine. (ECF No.

455-1, PageID 2838). In contrast, Smith's criminal enterprise dealt in both crack and powder

cocaine, as evidenced by the jury verdict in his case. (ECF No. 172, PageID 612) (finding that

Smith's lesser-included conspiracy charge involved 5 kilograms or more of powder cocaine). If

the Court is powerless to reduce Smith's sentence on his powder cocaine charges, *Smith*, 958 F.3d

---

[9] For similar reasons, the Court is not persuaded that *Rutledge v. United States*, 517 U.S. 292 (1996) helps Smith. In *Rutledge*, the Supreme Court held that conspiracy to distribute a controlled substance is a lesser-included offense of a continuing criminal enterprise conviction. *Id.* at 292. Smith argues that *Rutledge* "supports [his] argument that since the crack cocaine conspiracy was the enterprise of the [continuing criminal enterprise] count, [that] count is a 'covered offense' under the First Step Act." (ECF No. 454, PageID 2832). If anything, though, *Rutledge* highlights that engaging in a criminal continuing enterprise is distinct from conspiring to distribute a controlled substance, in that the former requires the proof of additional elements and additional criminal conduct.

at 495, then it follows that the Court is also powerless to reduce Smith's sentence on a continuing criminal enterprise conviction based, at least in part, on powder cocaine dealing.

For these reasons the Court rejects the "underlying criminal conduct" approach, as described in *Hall*.

In sum, the Court concludes that Smith's conviction for engaging in a continuing criminal enterprise is not a covered offense under the First Step Act, and that Smith's arguments to the contrary are unpersuasive.

### B.     Whether the First Step Act Allows the Court to Reduce a Sentence for a Non-Covered Offense

The Court's analysis of this issue largely mirrors its rejection of the "one qualifies" approach described above. By its operative language, Sec. 404(b) provides, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Sec. 404(b), Pub. L. 115-291, 132 Stat. 5194. Under the presumption of consistent usage "[c]ourts presume that the same words in the same statute mean the same thing." *Arangure v. Whitaker*, 911 F.3d 333, 340 (6th Cir. 2018). Thus, the word "sentence" has a consistent meaning in Section 404(b), and the Court can impose a "reduced sentence" only to replace the "sentence for a covered offense."

Moreover, Section 404(b) must be read in conjunction with 18 U.S.C. § 3582(c)(1)(B). At the very least, Sec. 404(b) does not *expressly permit* the Court to reduce a sentence for a non-covered offense.

For these reasons, the Court concludes that the First Step Act does not allow sentence reductions for non-covered offenses, such as Smith's continuing criminal enterprise conviction under § 848(a).

### C.     Whether Smith Merits a Sentence Reduction

Although the Court concludes that it cannot reduce Smith's sentence on his continuing criminal enterprise conviction, the First Step allows for a reduction of Smith's sentence on his crack cocaine possession-with-intent convictions. Even when a district court has the power to reduce a sentence under § 404(b) of the First Step Act, the decision to exercise that power is left to the court's sound discretion. *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019). "[C]ourts may consider all relevant factors when determining whether to reduce a defendant's sentence," under the First Step Act, including "developments that occurred after the defendant committed the covered offense." *United States v. Allen*, 956 F.3d 355, 356-58 (6th Cir. April 14, 2020). Relevant factors also include those delineated in 18 U.S.C. § 3553(a), and the defendant's conduct while imprisoned. *Id*.

After review of the parties' briefs, the Court concludes that it will exercise the discretion afforded to it by the First Step Act and reduce Smith's sentences on his crack cocaine possession-with-intent convictions. "Though [Smith] is not entitled to plenary resentencing, the First Step Act contemplates a baseline of process that must include and accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors." *Boulding*, 960 F.3d 774, 784-85. To ensure that these baselines are met, and because the Court believes that more information is needed to arrive at the proper reduced sentence, the Court will order further proceedings consistent with this Opinion and Order.

However, the Court notes that Smith has filed a motion for compassionate release. The Court will defer ordering further proceedings to reduce Smith's sentence on his crack cocaine possession-with-intent convictions until after it resolves that motion.

## CONCLUSION

For the reasons above, the Court **DENIES** Smith's motion to the extent it seeks a sentence reduction on his continuing criminal enterprise conviction, and **GRANTS** Smith's motion to the extent it seeks a sentence reduction on his crack cocaine possession-with-intent convictions. The Court will defer ordering further proceedings consistent with this Opinion and Order until after Smith's motion for compassionate release is resolved.

**IT IS SO ORDERED.**

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated:  July 7, 2020